IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITICORP CREDIT SERVICES, INC.,<br><br>    Defendant. | Case No. 1:12-CV-62-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to stay filed by Citicorp. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part, staying this litigation except for the conditional certification stage of the FLSA collective action. If conditional certification is granted and notice is issued, the FLSA claims will be stayed at that point.

## ANALYSIS

Plaintiff Lisa Brown filed a class action under the Idaho Wage Claims Act ("IWCA") and a collective action under the Fair Labor Standards Act ("FLSA"), seeking to recover unpaid wages from her former employer, Citicorp. Brown claims that she and her fellow customer service employees were required by Citicorp to work off-the-clock for at least twenty minutes a day. This was the amount of time it took for the employees to log

Memorandum Decision & Order - 1

onto the computer system and prepare equipment at the beginning of a shift, and to log out at the end of the shift.

Citicorp filed a motion to compel arbitration, arguing that Brown waived her right to sue by signing an agreement to arbitrate these issues. Brown responded that her waiver was void because it violated her substantive rights under the National Labor Relations Act (NLRA). The Court agreed, holding that the agreement's waiver of Brown's right to file a collective action under the FLSA violated her rights under Section 7 of the NLRA and therefore could not be enforced.

Citicorp appealed that decision under a provision of the Federal Arbitration Act that allows for interlocutory appeals of decisions denying motions to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B), (b)(2). That appeal does not divest this Court of jurisdiction to proceed with the case. *See Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1409-10 (9th Cir.1990). Thus, the case will proceed here unless Citicorp can persuade the Court to stay this action while it pursues its appeal. The resolution of Citicorp's motion to stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations omitted). Citicorp has the burden of showing that the circumstances justify a stay. *Id*. Four factors are relevant: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (2011) (quoting *Nken,* 556 U.S. at 434). These four factors should be examined on a flexible "continuum," which is "essentially the same as the 'sliding scale'

**Memorandum Decision & Order - 2**

approach" applied to requests for preliminary injunctions. *Id.* at 964–66. Under this approach, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964. The Court will examine each factor.

## Success on the Merits

For this factor, "in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Id.* at 968. This does not require the petitioner to show that "it is more likely than not that they will win on the merits," but only that success is a "reasonable probability," or a "fair prospect," or that "serious legal questions are raised." *Id*. at 967–68.

Citicorp has satisfied this factor. In the Court's earlier decision, it recognized that a number of Circuits – including the Ninth Circuit in an unpublished decision that cannot be cited for any purpose – have upheld waivers of the FLSA's collective action rights. *See Memorandum Decision (Dkt. No. 27)* at p. 4. Yet these courts did not address whether the waiver violates Section 7 of the NLRA, and the Court relied heavily on the NLRB's decision in *In re D.R. Horton*, 2012 WL 36274 (NLRB Jan. 3, 2012) to find that the waiver did violate Section 7.

After the Court issued its decision, two Circuit decisions were rendered that favor Citicorp. In *Owen v. Bristol Care Inc.,* 702 F.3d 1050, 1053-54 (8th Cir. 2013) the Eighth Circuit rejected *Horton* and held that a waiver did not conflict with Section 7 of the NLRA. In *Canning v N.L.R.B.*, 705 F.3d 490 (D.C.Cir. 2013), the Court of Appeals for the D.C. Circuit held that President Obama's recess appointments to the NLRB were invalid, resulting in an absence of a quorum for the NLRB to conduct business. This raises serious questions about the validity of NLRB decisions dating back to August of 2011, when the term of the last non-recess

appointee expired.  Because *Horton* was decided in January of 2012, its validity is questionable. *Horton* is presently on appeal to the Fifth Circuit, but no decision has been issued.

This new authority gives Citicorp a "substantial case for relief on the merits" in its appeal, *see Leiva-Perez*, 640 F.3d at 968, and the Court therefore finds that it has satisfied the first requirement of the four-part test for a stay.

**Irreparable Harm to Applicant**

Brown has made both class and collective action allegations, and she seeks to represent a class of "well in excess of 500" members.  *See Second Amended Complaint (Dkt. No. 15)* at ¶ 9. Other district courts in this Circuit have recognized that "[t]he burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration."  *Kwan v. Clearwire Corp.*, 2011 WL 1213176 (W.D.Wash March 29, 2011); *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, at *2 (N.D.Cal. June 21, 2010) ("[T]he nature and extent of discovery in private arbitration is fundamentally different from that allowed in class-action litigation."); *Del Rio v. Creditanswer*, LLC, 2010 WL 3418430, at *4 (S.D.Cal. Aug.26, 2010) ("The difference in litigation between a two-party case and a class action is substantial.").  This Court's own extensive experience with class and collective actions confirms the accuracy of those holdings – discovery in this case will be far more wide-ranging and expensive than the discovery conducted in an individual arbitration case.  If no stay is granted, this extensive discovery will be completed well-before the appeal is resolved.  Thus, Citicorp would be forced to incur substantial costs that would all be rendered unnecessary if it prevails on appeal.

As an example, if no stay is issued, litigation will proceed to determine whether a class should be certified under Rule 23 for Brown's IWCA claims.  Discovery will need to be done,

**Memorandum Decision & Order - 4**

and if the Court grants certification, Citicorp has the right to take an interlocutory appeal.  Its first interlocutory appeal on the arbitrability issue will likely not yet be resolved, and so Citicorp may have two interlocutory appeals pending.  All of the extensive costs Citicorp will incur in opposing the IWCA class claims will be rendered unnecessary if it is successful in its first interlocutory appeal.

The potential for wasted litigation costs does not always constitute irreparable harm, but under the sliding scale test, its weight is magnified if plaintiffs make a strong showing that they are likely to prevail on appeal.  *Steiner v Apple Computer, Inc*., 2008 WL 1925197 (N.D.Cal. April 29, 2008) at *5 (holding that plaintiffs "who make a strong showing they are likely to succeed on the merits, will generally prevail on this second . . . factor").  In this case, plaintiffs have made a strong showing on the first factor and so the potential for substantial litigation costs that could be rendered unnecessary satisfies the second factor, weighing in favor of a stay.

## Substantial Injury to Plaintiffs

The third factor evaluates whether a stay will substantially injure Brown and the putative class.  *Leiva–Perez,* 640 F.3d at 964.  Brown points out that in an FLSA collective action, (1) a claimant's claim accrues, and triggers the running of the statute of limitations, when the employer "issued each allegedly unlawful individual paycheck," and (2) the applicable two-year limitations period (extended to three years for wilful conduct) runs "until the filing of each plaintiff's  consent to join in the collective FLSA action" – the filing of the complaint is not enough to stop the running of the limitations period.  *See Smith v Micron Electronics, Inc*., 2005 WL 5328543 at * 4 (D.Id. Feb. 4, 2005).  Brown argues that a stay will prevent notice from going out to potential claimants and their claims will become barred as the appeal languishes and

the limitations period expires.

Brown raises this concern late in the game. She added her FLSA claim to this case on June 1, 2012, but has never sought to expedite this litigation to protect the rights of potential claimants. It was not until ten months later, in April of 2013, that Brown raised for the first time her concern that the clock was ticking on potential claimants, and she raised it in a response to the motion to stay, not in any affirmative move to protect those claimants' rights. To this date, Brown has not filed a motion for conditional certification, the first step to get notice to potential claimants.

Nevertheless, her claim of prejudice is real. While potential claimants who recognize they have a claim will not be barred from filing their own action by a stay in this suit, others less alert will be deprived of notice for the two years or so that it takes the appeal to be resolved. During that time, claims may become barred by the statute of limitations. This factor weighs in favor of denying a stay.

**Public Interest**

This factor is a wash. As the Court recognized in its earlier opinion, Section 7 of the NLRA grants to employees the right to engage in concerted action to protect their interests. At the same time, Congress has declared a strong public policy favoring arbitration. *See* 9 U.S.C. § 16. This factor does not tip the balance either way.

**Weighing the Four Factors**

In *Nken*, the Supreme Court stated that "the first two factors . . . are the most critical." *Nken*, 556 U.S. at 1761. As explained above, both of those factors weigh in favor of a stay. The fourth factor is a wash, so the only factor counseling against a stay is the third factor.

**Memorandum Decision & Order - 6**

If a stay is issued, the limitations clock continues to tick for potential claimants; if a stay is denied, Citicorp faces litigation expenses that, given the strength of its appeal, are likely to be unnecessary. At first glance, this appears to be an irresistible force meeting an immoveable object; a paradox that cannot be solved. That is not quite accurate, however, because *Nken* puts more weight on the first two factors, and that provides a basis for granting a complete stay here. But a complete stay is a winner-take-all approach that ignores entirely the prejudice suffered by potential claimants. A modified stay would mitigate that prejudice and still keep costs to a minimum.

This modified stay would allow only the FLSA collective action to proceed, and to proceed only to the point where conditional certification was either denied, or granted with notice being sent to potential claimants. At that point, a complete stay would go into place. Under this scenario, the potential claimants would at least have notice and an opportunity to stop the running of the limitations period by filing consents to opt into this action.

At the same time, this approach is inexpensive because of the two-stage certification process for FLSA claims. *Chavez v. Lumber Liquidators, Inc.*, 2011 WL 809453 (N.D.Cal. March 2, 2011) at *2 (stating that "a majority of courts, including district courts in the Ninth Circuit, have adopted a two-stage certification procedure"). At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify, the court engages in a more searching review. *Id.*

The governing standard for step one is a "lenient" one, requiring "nothing more than substantial allegations that putative class members were together victims of a single decision,

**Memorandum Decision & Order - 7**

policy, or plan." *Id.* "Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage." *Id.; Juvera v. Salcido,* 2013 WL 1367354 at *2 (D.Ariz. April 4, 2013) (granting conditional certification on basis of plaintiffs' "pleadings and declarations" and noting that "no depositions have taken place"); *Villa v. United Site Services of California, Inc.,* 2012 WL 5503550 (N.D.Cal. Nov. 13, 2012) (granting conditional certification on the basis of three declarations submitted by plaintiffs); *Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 838 (N.D.Cal.2010) (stating that "[a] plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing").[1]

Costs cannot escalate as they sometimes do in motion practice because the Court cannot make credibility determinations or resolve factual disputes in a conditional certification proceeding. *Lewis v Nevada Property 1, LLC*, 2013 WL 237098 at *8 (D.Nev. Jan. 22, 2013). Plaintiffs typically bear the cost of notice if certification is granted, although a court might shift those costs to a defendant if plaintiffs show a "likelihood of success on the merits." *Hunt v. Imperial Merchant Srvcs.*, 560 F.3d 1137, 1140 (9th Cir.2009) (discussing shifting cost of notice to defendant in class action); *Carrillo v. Schneider Logistics Inc.,* 2012 WL 556309 (C.D.Cal. Jan. 31, 2012) (applying *Hunt* to determine which party pays for notice in an FLSA collective action). But those costs, even if they are eventually allocated to Citicorp, are minimal, especially in comparison with the savings Citicorp will enjoy by not having to engage in discovery.

---

[1] However, the movant still must provide at least some evidence that putative class members are similarly situated. "[U]nsupported assertions of widespread violations will not suffice to satisfy the plaintiff's burden of showing substantial similarity." *Chavez,* 2011 WL at *2 (quoting *Delgado v. Ortho–McNeil, Inc*., 2007 WL 2847238, 1 (C.D.Cal. Aug. 7, 2007)).

**Memorandum Decision & Order - 8**

The point here is that the FLSA conditional certification process is not expensive because it requires no discovery; the issues is resolved on affidavits.  If conditional certification is granted and notice is issued, the Court would then stay any further proceedings.[2]  This will prevent the expenditure of the vast bulk of litigation costs that are incurred in discovery to litigate the second stage of the FLSA certification process.

Brown's claims under the IWCA will be treated differently.  For those claims, the clock is not ticking – the filing of Brown's complaint tolls the applicable statutes of limitations for both her and all asserted members of the class until class certification is denied.  *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983).  Because there is no prejudice similar to that faced by potential claimants under the FLSA, Brown's IWCA claims will be subject to an immediate and complete stay.  The only litigation that will be allowed to proceed will be the first stage of the FLSA collective action.

## Conclusion

The Court will grant Citicorp's motion for stay in part.  This case will be stayed except for the conditional certification process under the FLSA.  If conditional certification is denied – or if it is granted and notice is issued – a full and complete stay of all proceedings will then go into place.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for stay (docket no.

---

[2] The Court expresses no opinion on conditional certification, notice, or the allocation of the cost of notice.

**Memorandum Decision & Order - 9**

33) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to stay all aspects of this case except for the conditional certification process under the FLSA. If conditional certification is denied – or if it is granted and notice issued – a full and complete stay of all proceedings will then go into place.

DATED: **April 24, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge