UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CITICORP CREDIT SERVICES, INC.,<br><br>Defendant. | Case No. 1:12-cv-00062-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it plaintiff Brown's motion to conditionally certify a collective action under the Fair Labor Standards Act (FLSA). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Citicorp is subject to the FLSA and currently employs approximately 795 non-exempt employees at the Meridian, Idaho call center. *See Bergman Declaration (Dkt. No. 42-1)*. Plaintiff Brown is a former Citicorp employee who worked at the Meridian, Idaho call center from February 2008 until September 2011. *See Brown Declaration (Dkt. No. 39-2) at ¶ 1.* On June 1, 2012, Brown filed her second amended complaint against Citicorp for a violation of the Fair Labor Standards Act.

Brown alleges that she and other past and present employees of Citicorp were not compensated fully for the hours worked beyond forty hours per week in violation of the

FLSA.  She asserts that Citicorp employees were required to arrive early and leave late after their scheduled shifts so they could log into and out of computer applications. Brown states that this time—approximately twenty (20) minutes per day—was not calculated into the weekly hours for each employee.  Therefore, each employee was required to spend extra time on the job without compensation.  Brown seeks in this lawsuit to remedy that lack of compensation.  Her motion asks the Court to conditionally certify a collective action of employees who were forced to work off-the-clock.

## LEGAL STANDARDS

Under section 16(b) of the FLSA, employees may sue employers for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  This is known as a collective action, and it proceeds somewhat differently than a Rule 23 class action because an employee who wishes to join an FLSA collective action must affirmatively opt in by filing a written consent.  *See Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

District courts have the discretion to facilitate the process by which potential plaintiffs are notified of FLSA collective actions.  *Id.* at 169.  More specifically, district courts "may authorize the named plaintiffs in an FLSA collective action to send notice to all potential plaintiffs."  *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000).  The Ninth Circuit has not articulated a single standard to guide this inquiry, but a majority of courts adopt a two-step approach.  *See Goody v. Jefferson County*, Case No. 09–cv–437–E–BLW, 2010 WL 1418395, at *1 (citing cases).  First, the district court

determines whether members of the proposed class are "similarly situated." *See, e.g.,*

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Plaintiff's

burden at this point is minimal; the court is simply deciding whether the potential class

should be notified of the pending action. At the second step—typically initiated by a

motion to decertify after discovery is complete—the court engages in a more searching

inquiry. *Id.* at 467.

The FLSA does not define "similarly situated," and the Ninth Circuit has not

spoken on the issue. The Supreme Court has not yet defined the term, but has indicated

that a proper collective action encourages judicial efficiency by addressing in a single

proceeding claims of multiple plaintiffs who share "common issues of law and fact

arising from the same alleged activity." *Hoffman–LaRoche*, 493 U.S. at 486. Practically

speaking, however, and given the lack of discovery and limited evidence available to the

Court at this early stage in the proceedings, the first-step determination "is usually made

under a fairly lenient standard and typically results in conditional class certification."

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006).

However, even under this lenient standard, "[t]he lack of any evidence of

similarity or even other potential class members precludes class certification." *Bishop*,

582 F.Supp.2d at 1296.

## ANALYSIS

Brown asks this court to certify a class composed of all current and former

Collections employees and Customer Service Representatives who worked at Citigroup's

Meridian, Idaho call center from January 12, 2009 to the present.  Brown must show that the putative class members are similarly situated, i.e., that they were not compensated for the time they spent logging into and out of their computers during their work shift.

In support of this proposed class, Brown alleges in her own Declaration that Citicorp implemented a policy that required employees to work without pay.  *See Brown Declaration (Dkt. No. 39-2).*  Brown bases this allegation on the "hard phone" log-in policy.  *Id.* ¶ 3-4.  Under that policy, the workers' pay period for a particular day did not begin until they logged into their phone systems.  But they could not do so until they had logged into the computer network.  So the time they spent logging into their computers before logging into the phone system was uncompensated time.

The same off-the-clock work occurred on the back end of a typical day.  Workers were required to log out of their computers before leaving, but could not do so until they had logged out of their phone systems, at which time their pay period ceased.  Thus, the time they spent logging out of their computer systems at the end of a day was uncompensated time.

Brown claims that all employees in her perspective class are similarly situated because they were all subjected to this Citigroup policy.  *Id.* ¶ 4.  Brown states that the policy required employees to work in close proximity, use identical equipment, and required each employee to talk to Citigroup card users.  *Id.*  Brown also claims, based on her personal observations, that "Citi[corp] knew that [her] hourly paid customer service telephone operator coworkers . . . were working in excess of forty (40) hours per week

without being paid overtime." *Id.* ¶ 5.  She states that Citicorp's managers observed her and her coworkers working off the clock, and "reprimanded [them] if [they] were logged into the phone system and not taking calls." *Id.*  However, Brown offers no other Declarations from either current or former employees of the Meridian, Idaho call center to support her allegations.

Brown does allege that she "know[s] of former coworkers who desire to receive their unpaid overtime wages." *Brown Declaration, supra,* at ¶ 6.  However, she has failed to identify any of these coworkers.

Brown did file affidavits from two Citicorp call center employees from Greensboro, North Carolina, who allege the same practices.  *See Whitfield Declaration (Dkt. No. 41-2); Kraemer Declaration (Dkt. No. 41-3).*  While both of these employees allege that Citicorp had a nationwide policy, neither has any personal knowledge beyond the North Carolina call center where each worked.  They failed to explain how they would have any knowledge of the practices at the Meridian call center at issue here, and failed to explain the basis for their conclusion that "all hourly paid customer service telephone operators" were subjected to the same off-the-clock practices.  Because they do not explain the basis for their personal knowledge of a nationwide practice, their testimony on this point is unreliable and irrelevant.  *See Young v. Cate,* 2013 WL 684450 (E.D.Cal. Feb. 22, 2013) (holding that lack of personal knowledge of declarants warranted denial of conditional certification in FLSA action).  In a previous FLSA conditional certification  proceeding, this Court refused to rely on representations that

indicated a lack of personal knowledge.  *Fenn v. Hewlett-Packard Co.* *("Fenn II"),* 2012

WL 1883530, at *3 (D. Id. May 17 2012).  Accordingly, the Court will not consider these

two Declarations.

　　　　This leaves Brown with only her own allegations to support her claim that other

workers were similarly subjected to the off-the-clock practices she describes.  Even given

the lenient standard that applies at this stage of the proceedings, courts demand some

modest evidentiary showing that the putative class members are similarly situated.  *See*

*Bishop v. Petro-Chemical Transport, LLC,* 582 F.Supp.2d 1290, 1296 ("[t]he lack of any

evidence of similarity . . . precludes class certification"); *see also Carillo v. Schneider*

*Logistics,* 2012 WL 556309, at *11 (C.D.Cal. Jan.31, 2012) (holding that two

declarations were sufficient to warrant conditional certification).

　　　　This Court encountered a similar issue in *Fenn II.*  There, plaintiff Fenn made the

same claim Brown makes in this case – that call center employees were not paid for the

time they spent in logging in and out of their computers.  Fenn, like Brown here, failed to

identify even a single co-worker who had similar off-the-clock experiences.  There was

evidence, however, that a supervisor "acknowledged" that call center employees "may

have been working without pay at one point."  *Id*. at *2.  That was sufficient for this

Court to grant conditional certification.

　　　　Brown does not cite a single case that allows conditional certification based

entirely on the plaintiff's allegations.  Indeed, the case law is contrary.  *Guess v. U.S.*

*Bancorp*, 2008 WL 544475 at *4 (N.D.Cal. Feb. 26, 2008) (denying FLSA conditional

certification where plaintiff submitted nothing beyond his own allegations); *Colson v Avnet, Inc.,* 687 F.Supp.2d 914, 930 (D.Ariz. 2010) (same).

Although the burden for conditional certification is minimal, Brown has failed to satisfy that burden.  Consequently, her motion will be denied.[1]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiff's motion for conditional certification (docket no. 39) is DENIED.

IT IS FURTHER ORDERED, that the motion for leave to file sur-reply brief (docket no. 45) is DEEMED MOOT.

DATED: August 29, 2013

B. Lynn Winmill
Chief Judge
United States District Court

---

[1] Citicorp filed a motion for leave to file a sur-reply brief.  Given that the Court has denied Brown's motion without relying on the sur-reply brief, the Court will deem moot Citicorp's motion.