UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA BROWN,<br><br>    Plaintiff,<br><br> v.<br><br>CITICORP CREDIT SERVICES, INC.,<br><br>    Defendant. | Case No. 1:12-cv-00062-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion for reconsideration or for an indicative ruling pursuant to Rule 62.1. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part.

# ANALYSIS

Plaintiff Brown claims that she was forced to work off-the-clock in violation of the Fair Labor Standards Act. In an earlier decision – filed February 21, 2013 – this Court denied defendant Citicorp's motion to compel individual arbitration of Brown's claims. *See Memorandum Decision (Dkt. No. 27).* In that decision, the Court relied heavily on the NLRB's decision in *D.R. Horton*, 2012 WL 36274 (Jan. 3, 2012).

Citicorp appealed this Court's decision to the Ninth Circuit. While the appeal was being briefed, the Circuit issued a decision that appears to cast doubt on the Court's opinion. Under Rule 62.1, an appellant may file a motion to reconsider with the District

**Memorandum Decision & Order – page 1**

Court, and although the District Court has no jurisdiction to grant the motion, it has the option to notify the Circuit that "the motion raises a substantial issue." Under Federal Rule of Appellate Procedure 12.1(b), the Circuit may remand a case if "the district court states that the motion [to reconsider] raises a substantial issue . . . ."

Pursuant to those Rules, Citicorp filed a motion to reconsider in this Court. Citicorp urges the Court to at least indicate that the motion raises a substantial issue given the ruling in *Richards v. Ernst & Young,* 744 F.3d 1072 (9th Cir. 2013), casting doubt on the *D.R. Horton* case relied on by this Court.

*Richards* was issued some months after the Court filed its opinion. In *Richards*, the Circuit expressly declined to evaluate *D.R. Horton* because the appellant had failed to properly raise the issue on appeal. *Id.* at 1075. But in dicta, contained in a footnote, the Circuit signaled that the Court's opinion was wrongly decided. The Circuit began by noting that "the two courts of appeals, and the overwhelming majority of the district courts to have considered the issue have determined that they should not defer to the NLRB's decision in *D.R. Horton* on the ground that it conflicts with the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal Arbitration Act ("FAA")." *Id.* at n. 3. The Circuit went on to cite this Court's opinion and to comment that it "fail[ed] to consider countervailing policies or deference with respect to the FAA [Federal Arbitration Act]." *Id.*

In addition, the Fifth Circuit has recently reversed *D.R. Horton* and rejected its analysis. *See D.R. Horton v. N.L.R.B.,* 737 F.3d 344 (5th Cir. 2013). Given these circumstances, the Court is compelled to find that Citicorp's motion at least raises a

**Memorandum Decision & Order – page 2**

substantial issue that would warrant further proceedings before this Court.  Accordingly, the Court will grant that part of the motion that seeks an indicative ruling under Rule 62.1 and Fed.R.App.P. 12.1(b).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider or for indicative ruling (docket no. 48) is GRANTED IN PART AND RESERVED IN PART.  It is granted to the extent that it seeks an indicative ruling under Rule 62.1 and Fed.R.App.P. 12.1(b) that Citicorp's motion to reconsider raises a substantial issue that would warrant further proceedings in this Court.  It is reserved in all other respects.

DATED: May 6, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court