UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITICORP CREDIT SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 1:12-cv-00062-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion for reconsideration filed by defendant Citicorp. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

Plaintiff Brown claims that she was forced to work off-the-clock in violation of the Fair Labor Standards Act. In an earlier decision this Court denied defendant Citicorp's motion to compel individual arbitration of Brown's claims. *See Memorandum Decision (Dkt. No. 27).* In that decision, the Court relied heavily on the NLRB's decision in *D.R. Horton*, 2012 WL 36274 (Jan. 3, 2012).

Citicorp appealed this Court's decision to the Ninth Circuit. While the appeal was being briefed, the Circuit issued a decision that appeared to cast doubt on the Court's opinion. *Richards v. Ernst & Young,* 744 F.3d 1072 (9th Cir. 2013). Citicorp filed a

**Memorandum Decision & Order – page 1**

motion to reconsider, and asked the Ninth Circuit to remand the appeal for the limited purpose of resolving its motion to reconsider. Rule 62.1 and Appellate Rule 12.1(b) authorized a remand if the district court finds that "the motion [to reconsider] raises a substantial issue." The Court made that finding, *see Memorandum Decision (Dkt. No. 52)*, and the Circuit then issued a limited remand for the purpose of resolving Citicorp's motion for reconsideration. The Circuit retained jurisdiction over the remainder of the appeal. *See Order (Dkt. No. 53)*.

## ANALYSIS

In this lawsuit, plaintiff Brown filed claims under the Idaho Wage Claims Act ("IWCA") and Fair Labor Standards Act ("FLSA"), seeking to recover unpaid wages from her former employer, Citicorp. Brown claims that she and her fellow customer service employees were required by Citicorp to work off-the-clock for at least twenty minutes a day. This was the amount of time it took for the employees to log onto the computer system and prepare equipment at the beginning of a shift, and to log out at the end of the shift.

Citicorp responded with a motion to dismiss, arguing that Brown had signed an arbitration agreement requiring her to individually arbitrate any employment-related disputes. That arbitration agreement states that "arbitration on an individual basis . . . is the exclusive remedy for any employment-related claims," and it prohibits any employee from "participat[ing] as a class or collective action representative or as a member of any class, collective, or representative action . . . ."

Citicorp argued that Brown, by signing this agreement, waived her right to bring

**Memorandum Decision & Order – page 2**

this lawsuit and must pursue her claims through an individual arbitration. Brown did not dispute that the waiver covers her claims here, but argued that it is void because it violated her substantive rights under the FLSA and the National Labor Relations Act (NLRA).

The Court agreed with Brown, holding that the waiver of FLSA collective action rights violates the NLRA. *See Memorandum Decision (Dkt. No. 27).* In reaching that holding, the Court relied heavily on a decision of the National Labor Relations Board (NLRB), *In re D.R. Horton Inc.,* 2012 WL 36274 (NLRB Jan. 3, 2012). It held that an employee's lawsuit seeking a collective action under the FLSA is "concerted action" protected by Section 7 of the NLRA. *Id.*

About ten months after the Court issued this decision, the Circuit issued *Richards,* discussed above. In that case, the Circuit expressly declined to evaluate *D.R. Horton* because the appellant had failed to properly raise the issue on appeal. *Id.* at 1075. But in dicta, contained in a footnote, the Circuit signaled that this Court's opinion was wrongly decided. The Circuit began by noting that "the two courts of appeals, and the overwhelming majority of the district courts to have considered the issue have determined that they should not defer to the NLRB's decision in *D.R. Horton* on the ground that it conflicts with the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal Arbitration Act ("FAA")." *Id.* at n. 3. The Circuit went on to cite this Court's opinion and to comment that it "fail[ed] to consider countervailing policies or deference with respect to the FAA [Federal Arbitration Act]." *Id.*

**Memorandum Decision & Order – page 3**

Moreover, just a few days before the Ninth Circuit issued *Richards,* the Fifth Circuit reversed *D.R. Horton* and rejected its analysis. *See D.R. Horton v. N.L.R.B.,* 737 F.3d 344 (5th Cir. 2013). The Fifth Circuit thus joins the Second and Eighth Circuits in rejecting the NLRB's reasoning in *D.R. Horton. See Sutherland v. Ernst & Young LLP,* 726 F.3d 290, 297 n. 8 (2nd Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1053-54 (8th Cir.2013). There are no Circuit decisions supporting the NLRB.

While decisions from other Circuits are not binding on this Court, they are persuasive, particularly in the face of *Richards'* dicta that singled out this Court's decision and expressed concern over its analysis. Given these circumstances, the Court finds that it must grant the motion to reconsider.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 48) is GRANTED.

IT IS FURTHER ORDERED, that the Court hereby RECONSIDERS its prior Memorandum Decision (docket no. 27) that denied the motion to compel arbitration.

IT IS FURTHER ORDERED, that the motion to compel arbitration (docket no. 17) is GRANTED, and that the second amended complaint (docket no. 15) is DISMISSED.

IT IS FURTHER ORDERED, that the parties shall notify the Ninth Circuit of this ruling, as required by the Circuit's earlier Order.

IT IS FURTHER ORDERED, that the Clerk shall close this case.



DATED: March 25, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court